UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 2025-CR-80077 Rosenberg/Reinhart

18 U.S.C. § 1349
18 U.S.C. § 982(a)(2)(A)

UNITED STATES OF AMERICA

v.

BERNARD PETIT FRERE,

Defendant.
_____/

FILED BY___SW___D.C.

May 28, 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

# INFORMATION

The United States Attorney charges that:

## GENERAL ALLEGATIONS

At all times relevant to this Information:

1. Bank 1 was a financial institution with branches in the State of Florida whose accounts were insured by the Federal Deposit Insurance Corporation ("FDIC").

2. Defendant **BERNARD PETIT FRERE** was employed at a Bank 1 branch located in Palm Beach County, Florida, where he also resided.

3. Victim Charitable Organization 1 was a charitable organization that was headquartered in Tampa, Florida.

## Conspiracy to Commit Wire Fraud
### (18 U.S.C. § 1349)

4. From in or around March 2022, and continuing through in or around May 2022, the exact dates being unknown to the United States Attorney, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

## BERNARD PETIT FRERE,

did knowingly and willfully combine, conspire, confederate, and agree with other persons, known and unknown to the United States Attorney, to commit an offense against the United States, that is, to knowingly and with intent to defraud, devise and intend to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and to transmit and cause to be transmitted by means of wire communication in interstate commerce writings, signs, signals, and pictures for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

## PURPOSE OF THE CONSPIRACY

5.     It was the purpose of the conspiracy for the defendant and his co-conspirators to unlawfully enrich themselves and others by, among other things: (a) gaining access to accounts belonging to accountholders at Bank 1; (b) depositing fraudulent checks and fraudulent bank wires into accounts at Bank 1; (c) conducting cash withdrawals of the deposited funds; and (d) using the illicit proceeds for their own personal use and benefit and to further the ongoing scheme.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendant and other conspirators sought to accomplish the object and purpose of the conspiracy included, among others, the following:

6.     The co-conspirators unlawfully gained access to victims' bank accounts, primarily the account belonging to Victim Charitable Organization 1.

7.     With funds drawn from these accounts, the co-conspirators deposited fraudulent checks and fraudulent bank wires into accounts held by co-conspirators at Bank 1.

8.     Shortly after these fraudulent checks and fraudulent bank wires were deposited,

the co-conspirators withdrew the funds in cash, knowing the funds were fraudulently obtained.

9. Using his position at Bank 1, **BERNARD PETIT FRERE** conducted these large cash withdrawals, ignoring Bank 1's risk alerts and failing to properly file required documentation.

10. For his role in the conspiracy, **BERNARD PETIT FRERE** was given a portion of the illicitly obtained funds.

11. The conspirators spent the proceeds of the fraud for their personal use and benefit, and to further the scheme.

All in violation of Title 18, United States Code, Section 1349.

## FORFEITURE ALLEGATIONS

1. The allegations of this Information are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **BERNARD PETIT FRERE**, has an interest.

2. Upon conviction of any violation of Title 18, United States Code, Section 1349, as alleged in this Information, the defendant shall forfeit to the United States any property Constituting, or derived from, proceeds the person obtained directly or indirectly, as a result of a violation of 18 U.S.C. § 1349, pursuant to Title 18, United States Code, Section 982(a)(2)(A).

3. The property subject to forfeiture includes, but is not limited to a forfeiture money judgment in the sum of $919,962.22 in United States currency, which sum represents the value of any property that constitutes or is derived from proceeds obtained directly or indirectly as a result of the defendant's commission of the offense.

All pursuant to Title 18, United States Code, Section 982(a)(2)(A) and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(2).

_[signature]_
HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

_[signature]_
SHANNON SHAW
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.: 2025-CR-80077 Rosenberg/Reinhart

v.

BERNARD PETIT FRERE,

Defendant.
_____/

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) No
Number of New Defendants _____
Total number of new counts _____

**Court Division** (select one)
- [ ] Miami
- [ ] Key West
- [ ] FTP
- [ ] FTL
- [x] WPB

I do hereby certify that:

1. I have carefully considered the allegations of the Indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, 28 U.S.C. §3161.
3. Interpreter: (Yes or No) No
   List language and/or dialect: _____
4. This case will take __4__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I [x] 0 to 5 days
   - II [ ] 6 to 10 days
   - III [ ] 11 to 20 days
   - IV [ ] 21 to 60 days
   - V [ ] 61 days and over

   (Check only one)
   - [ ] Petty
   - [ ] Minor
   - [ ] Misdemeanor
   - [x] Felony

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Judge _____ Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the __Southern__ District of Florida
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? (Yes or No) No
14. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No
15. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No
16. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? No

By: _____
SHANNON SHAW
Assistant United States Attorney
FL Bar No.      92806

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: __BERNARD PETIT FRERE__

Case No: 2025-CR-80077 Rosenberg/Reinhart

Count # 1:

Conspiracy to Commit Wire Fraud.

Title 18 United States.Section Code 1349
* **Max. Term of Imprisonment:** 20 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000 fine or twice the value of the gross grain or loss, whichever is greater.

*Refers only to possible term of incarceration, supervised release and fines.  It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America v.<br><br>BERNARD PETIT FRERE,<br><br>*Defendant.* | ) ) ) ) ) Case No.  2025-CR-80077 Rosenberg/Reinhart |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date:   06/11/2025

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

Jim Lewis
*Printed name of defendant's attorney*

_____
*Judge's signature*

Hon. Ryon M. McCabe, U.S. Magistrate Judge
*Judge's printed name and title*